# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DOMINIQUE WILLIAMS and parents,
JOHNNY and BEVERLY WILLIAMS,**

    Plaintiffs,

    -vs-                                Case No. 13-C-207

**MILWAUKEE PUBLIC SCHOOLS,**

    Defendant.

## DECISION AND ORDER

The plaintiffs, Dominique Williams and her parents, seek judicial review of an Administrative Law Judge's decision that the defendant, Milwaukee Public Schools (MPS), did not deprive Ms. Williams of a free appropriate public education (FAPE) as required by the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1400 *et seq*. Both parties move for summary judgment.[1] For the reasons that follow, MPS's motion is granted.

After a hearing, the ALJ made the following findings of fact. Williams was 17 years old at all times relevant to the complaints at issue. In 2009, Williams began her high school career in the 9th grade in multi-categorical classes at Rufus King High School. A multi-categorical class

---

[1] Plaintiffs' motion was filed nearly two and a half months after the dispositive motion deadline. The Court will consider plaintiffs' motion in any event.

means that all the children are exposed to the same instruction based upon a curriculum of core academics and the instruction is modified to account for their collective needs. Given the core academic focus and grade-level standards of a multi-categorical classroom, most classes are eligible for credit toward high school diploma graduation requirements.

In April 2010, MPS determined that King could not meet Williams' special education needs because she needed a specially designed curriculum based on extended grade band standards, which King did not offer. MPS offered Riverside High School as a fall placement, where Williams could receive education services in a classroom populated only by children with cognitive disabilities. MPS allowed Williams to remain at King for the remainder of the 2009-10 school year.

The Riverside class was to be a self-contained classroom based upon a curriculum that is aligned to extended grade band standards, which is used for students who cannot find success in a curriculum based on core academic standards, even with modifications and adaptations to the curriculum. Given the functional and non-grade-level standards associated with a self-contained classroom using extended grade band standards, most classes are not eligible for credit toward graduation requirements and typically such students "age out" with a certificate of completion rather

than a high school diploma.

The parents disagreed with a placement at Riverside and exercised their right to challenge it through an administrative due process complaint on May 11, 2010. Williams was allowed to remain at King pending the administrative appeal process pursuant to a stay put order.

On November 12, 2010, an ALJ found in favor of MPS, determining, among other things, that self-contained classes at Riverside were an appropriate placement and would provide Williams with a FAPE. Williams remained at King pending an appeal to federal court. MPS cross-enrolled Williams at both King and Riverside so that the court's order could be implemented once received.

On April 11, 2012, Judge Stadtmueller granted MPS's motion for summary judgment. Case No. 10-C-1113-JPS (E.D. Wis.) Thereafter, MPS attempted to convene an individualized educational program (IEP) to discuss the student's transfer to Riverside, but the meeting was delayed because Williams' parents moved to set aside the summary judgment order. Williams remained at King pending the motion and remained cross-enrolled at King and Riverside.

On June 18, 2012, an IEP meeting was held and MPS indicated that the IEP would continue to include a one-on-one aide and be implemented

at Riverside in the fall depending on the outcome in federal court. Williams' parents received a copy of the IEP no later than June 24, 2012. MPS continued to cross-enroll Williams at King and Riverside. On August 8, Judge Stadtmueller denied the plaintiffs' motion to set aside the judgment.[2] MPS then lifted the stay put placement at King.

The first day of the 2012-13 school year at King was Monday, August 13. The Friday before, an MPS representative spoke with Williams' parents by telephone. The parties dispute the content of that phone call. The MPS representative claims that he instructed the parents to send Williams to Riverside when classes started there on September 4, 2012. The parents maintain that the MPS representative told them no such thing. The parents sent Williams to King on August 13. MPS did not allow her to attend classes.

On September 24, an IEP meeting was held but not completed. On September 25, Williams attended Riverside for the first time and continued attending until October 4, 2012, at which time she stopped attending due to complaints about the classroom. The September 24 IEP meeting was continued on October 15, at which time an IEP was developed. Williams

---

[2] The Seventh Circuit later affirmed. *Williams v. Milwaukee Public Schools*, 526 Fed. App'x 672 (7th Cir. April 26, 2013).

did not return to school. On October 30, another IEP meeting was convened, resulting in another IEP. On November 1, Williams returned to school and has attended on a fairly regular basis since.

The standard of review in an IDEA case "differs from that governing the typical review of summary judgment." *Heather S. v. State of Wis.*, 125 F.3d 1045, 1052 (7th Cir. 1997). Summary judgment is "simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Id.* Summary judgment in IDEA cases "has been deemed appropriate even when facts are in dispute, and is based upon a preponderance of the evidence." *Beth B. v. Van Clay*, 282 F.3d 493, 496 n.2 (7th Cir. 2002).

In reviewing the administrative record, the district court is required to give "due weight" to the results of the administrative proceedings and must not "substitute [its] own notions of sound educational policy for those of the school authorities, …" *Heather S.* at 1052-53. The party challenging the ALJ's factual findings bears the burden of proof. *Id.* at 1052. In deciding whether the challenging party meets that burden, the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the

court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Where the district court "does not take new evidence and relies solely on the administrative record, it owes considerable deference to the hearing officer, and may set aside the administrative order only if it is 'strongly convinced that the order is erroneous.' This level of review is akin to the standards of clear error or substantial evidence." *Alex R. v. Forrestville Valley Cmty. Unit Sch. Dist. No. 221*, 375 F.3d 603, 611-12 (7th Cir. 2004).

The IDEA requires that MPS, as a recipient of federal education funds, provide children with disabilities a FAPE in the least restrictive environment. 20 U.S.C. § 1412. A FAPE is an education that is "specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child 'to benefit' from the instruction." *Bd. of Educ. of Murphysboro Cmty. Unit Sch. Dist. No. 186 v. Ill. State Bd. of Educ.*, 41 F.3d 1162, 1166 (7th Cir. 1994). While "the purpose of the IDEA is to 'open the door of public education' to handicapped children," MPS is not required to "educate a handicapped child to her highest potential." *Id.* Rather, the "education to which access is provided" must be "sufficient to confer some educational benefit upon the handicapped child." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 200 (1982). The IDEA imposes substantive and procedural obligations, but procedural

- 6 -

irregularities entitle an IDEA plaintiff to relief only when procedural error results in the loss of educational opportunity. *Heather S.* at 1059; *Hjortness ex rel. Hjortness v. Neenah Joint Sch. Dist.*, 507 F.3d 1060, 1065 (7th Cir. 2007) ("Procedural flaws do not require a finding of a denial of a free appropriate public education. However, procedural inadequacies that result in the loss of educational opportunity result in the denial of a free appropriate public education").

Plaintiffs argue that they were not informed of the transfer to Riverside, thus causing embarrassment and frustration when Williams attended Rufus King on the first day of school and was asked to vacate the premises. The ALJ found otherwise — i.e., that the plaintiffs were informed of the transfer — but even if they weren't, this has nothing to do with Williams' FAPE. The IEP called for Williams to attend Riverside starting weeks later, so the alleged failure to communicate the change did not cause Williams to miss even a single school day. Moreover, any embarrassment that resulted from Williams attending Rufus King on the first day of school and then being told to leave was the fault of her parents, not MPS. As the ALJ noted, Williams testified that her mother told her to go to King on the first day just to "see what was going to happen …" Def. App. 8.

Plaintiffs also complain that Williams was placed in a classroom with mostly boys with behavioral disabilities, and that this was unsafe and detrimental to her well-being. To the contrary, the ALJ concluded that Williams' classroom, "at worst, … was not immune from minor behavioral problems that most classrooms around the country encounter including such things as students using profane language." Def. App. 9. Placement in a classroom with "minor behavioral problems" still qualifies as a FAPE.

Plaintiffs further argue that placement at Riverside put Williams on track for a certificate of completion, not a high school diploma, which interfered with Williams' stated desire to enter the armed forces. Relatedly, plaintiffs argue that MPS did not provide enough help in the form of assistive technology and tutoring to help attain her goal of obtaining a diploma. The IDEA does not mandate the best possible educational experience. *White ex rel. White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 378 (5th Cir. 2003) ("A FAPE need not maximize the child's potential; it must guarantee a basic floor of opportunity"); *Rowley*, 458 U.S. at 200.

Finally, plaintiffs accuse the ALJ of being biased. This is a baseless accusation, the genesis of which appears to be the plaintiffs' longstanding dissatisfaction with MPS and the administrative process. The ALJ's ruling is supported by the preponderance of the evidence.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** defendant's motion for summary judgment [ECF No. 20] is **GRANTED**; plaintiffs' motion for summary judgment [ECF No. 22] is **DENIED**; and the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2014.

                                      **BY THE COURT:**

                                      _____
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**